**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

CAROLYN ADELE PADRON,

      Plaintiff,

-vs-

ENDURANCE DEALER SERVICES,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No. CIV-24-683-F

## ORDER

The court has an independent duty to determine whether subject-matter jurisdiction exists. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

According to plaintiff's complaint, the court has jurisdiction over this action based upon 28 U.S.C. § 1332 (diversity jurisdiction). Doc. no. 1, ¶ 3. Section 1332 provides that the court shall have original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Upon review of the complaint's jurisdictional allegations, the court concludes they are insufficient to support the exercise of diversity jurisdiction.

The complaint alleges that "Plaintiff Carolyn Adele Padron is a resident of Oklahoma." Doc. no. 1, ¶ 1. Residence alone is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966). An individual is a citizen of the state where she is domiciled. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). Domicile is established by physical presence in a place, coupled with an intent to remain there. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S.

30, 48 (1989).  The complaint must allege the state where plaintiff is a citizen, not the state where she is a resident.

Accordingly, plaintiff is **DIRECTED** to file an amended complaint within 14 days of the date of this order which provides the missing jurisdictional information identified in this order.[1]  Failure to comply may result in the dismissal without prejudice of this action.

DATED this 10th day of July, 2024.


STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE


24-0683p001.docx

---

[1] Lest it be thought that this requirement exalts formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of litigation.