IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CAROLYN ADELE PADRON, )
)
       Plaintiff, )
)
-vs- ) Case No. CIV-24-683-F
)
ENDURANCE DEALER SERVICES )
LLC, )
)
       Defendant. )

# **ORDER**

Subject matter jurisdiction for this action is based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). There are two motions which have been filed in this action:

- Defendant's Motion to Compel Arbitration and to Stay Action, or in the Alternative, Motion to Dismiss Plaintiff's Second Amended Complaint – Doc. no. 15
- Plaintiff's Motion for Oral Argument on Defendant's Motion to Compel Arbitration – Doc. no. 19

Before the court can adjudicate these motions, the court must be satisfied that it can exercise diversity jurisdiction over this action pursuant to § 1332(a).[1] Plaintiff is proceeding *pro se*. Her original complaint and amended complaint identified defendant as a corporation organized under the laws of the State of Illinois, with its

---

[1] The court has an independent duty to inquire into its own subject-matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

principal place of business in Northbrook, Illinois.  Doc. nos. 1 and 5.  Plaintiff is a citizen and resident of the State of Oklahoma.  Doc. no. 5.

Plaintiff's second amended complaint, filed with leave of court, identified defendant as an "LLC," but continued to allege that defendant was a corporation organized under the laws of the State of Illinois, with its principal place of business in Northbrook, Illinois.  Doc. no. 13.

In its papers relating to the pending motion, defendant identifies itself as an "LLC."  Doc. nos. 15, 18, and 20.  The court notes, however, that defendant has not filed a disclosure statement as required by Rule 7.1(a)(2) and (b)(1), Fed. R. Civ. P.

Rule 7.1(a)(2) requires that defendant's disclosure statement "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party[.]"  Rule 7.1(a)(2), Fed. R. Civ. P.  "For diversity purposes, a limited liability company takes the citizenship of all its members."  Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018) (internal quotation marks and citation omitted).  To ascertain the existence of diversity jurisdiction, it is necessary for defendant to trace all its members through "however many layers of [] members there may be[.]"  Gerson v. Logan River Academy, 20 F.4th 1263, 1269 n. 2 (10th Cir. 2021) (internal quotation marks and citation omitted).  If a member is an individual, it is necessary to identify the individual's state of citizenship (e.g., domicile) as opposed to the individual's state of residence.  If a member is a business entity, then the court must have the appropriate jurisdictional information pertaining to that business entity.  *See generally*, 15A James Wm. Moore, Moore's Federal Practice, §§ 102.50-102.57 (3d

ed. 2023); Wright & Miller, 13F <u>Federal Practice and Procedure</u>, § 3630.1 (3d ed) (application of the citizenship rule for unincorporated associations).[2]

Defendant is **DIRECTED** to file, within seven days from the date of this order, a disclosure statement which identifies the name and citizenship of each of its members.

DATED this 30th day of October, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

24-0683p005.docx

---

[2] It can get more complicated in some cases, with respect to members who are trusts or other types of unincorporated associations, but his order is not intended to be a tutorial on those vagaries.