IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLYN ADELE PADRON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-24-683-F |
| ) | |
| ENDURANCE DEALER SERVICES ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

The court is in receipt of the Endurance Dealer Services, LLC Disclosure Statement and Notice of Interested Parties. Doc. no. 22. Upon review, the court finds the disclosure statement is deficient.

As the court stated in its October 30, 2024 order,

"For diversity purposes, a limited liability company takes the citizenship of all its members." Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018) (internal quotation marks and citation omitted). To ascertain the existence of diversity jurisdiction, it is necessary for defendant to trace all its members through "however many layers of [] members there may be[.]" Gerson v. Logan River Academy, 20 F.4th 1263, 1269 n. 2 (10th Cir. 2021) (internal quotation marks and citation omitted). If a member is an individual, it is necessary to identify the individual's state of citizenship (e.g., domicile) as opposed to the individual's state of residence. If a member is a business entity, then the court must have the appropriate jurisdictional information pertaining to that business entity. *See generally*, 15A James Wm. Moore, Moore's Federal Practice, §§ 102.50-102.57 (3d

ed. 2023); Wright & Miller, 13F <u>Federal Practice and Procedure</u>, § 3630.1 (3d ed) (application of the citizenship rule for unincorporated associations).

Doc. no. 21, ECF p. 2.

According to the disclosure statement, defendant's sole member is EDS Holding Co., LLC, whose sole member is Endurance Vehicle Services, LLC. Endurance Vehicle Services, LLC has five members:

1. Paul Chernawsky, an Illinois citizen;
2. TRP (Endurance) Co-Invest Partners, LP;
3. TRP (Endurance) GR I, LP;
4. TRP (Endurance) TFO II, LP; and
5. Michigan Growth Capital Partners SBIC LP.

The disclosure statement represents that TRP (Endurance) Co-Invest Partners, LP has 12 partners (four limited partnerships, two limited liability companies, one trust, and five individuals); TRP (Endurance) GR I, LP has two partners (a limited partnership and a limited liability company); TRP (Endurance) TFO II, LP has four partners (a limited partnership, two limited liability companies, and one individual) and the identities of the partners of Michigan Growth Capital Partners SBIC LP are unknown.

The disclosure statement only attempts to provide jurisdictional information as to the general partner of TRP (Endurance) Co-Invest Partners, LP, TRP (Endurance) GR I, LP, and TRP (Endurance) TFO II, LP. That general partner is TRP Co-Invest Management, LLC, a limited liability company. The disclosure statement represents TRP Co-Invest Management, LLC has 5 individual members, who are citizens of Michigan, New York, or Pennsylvania, and one trust – Hislop Delaware Trust C/O James Hislop, which is a citizen of Delaware.

Despite defendant's contention in the disclosure statement, the citizenship of a limited partnership is determined by its limited partners, as well as its general partners. *See*, Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990). Thus, the citizenship of all limited partners of TRP (Endurance) Co-Invest Partners, LP, TRP (Endurance) GR I, LP, and TRP (Endurance) TFO II, LP must be identified in the disclosure statement. If a limited partner is a business entity, defendant must provide the appropriate jurisdictional information pertaining to that business entity, and it must drill down through however many layers of that entity there may be.

Concerning the trust, which is a member of TRP Co-Invest Management, LLC (and a limited partner of TRP (Endurance) Co-Invest Partners, LP), the determination of its citizenship rests on whether the trust is a traditional trust or a business trust. The citizenship of a traditional trust is determined by citizenship of its trustees. Gwilt v. Harvard Square Retirement & Assisted Living, 537 F.Supp.3d 1231, 1246 (D. Colo. 2021). The disclosure statement must identify the trustee(s) and the state of citizenship for the trustee(s). If the trust is a business trust, the citizenship of the trust is determined by all the trust's members. Americold Realty Trust v. Conagra Foods, Inc., 577 U.S. 378, 383 (2016). The disclosure statement must identify all the trust's members and the state of citizenship of all the trust's members.

As stated, the disclosure statement represents the identities of the partners of Michigan Growth Capital Partners SBIC LP is unknown. However, the identities of the partners of Michigan Growth Capital Partners SBIC LP and their citizenship is required. If any partner is a business entity or trust, the disclosure statement must provide the appropriate jurisdictional information pertaining to that business entity or trust.

Defendant Endurance Dealer Services LLC is **DIRECTED** to file, within 21 days from the date of this order, an amended disclosure statement which supplies the

name and citizenship of every individual or entity whose citizenship is attributed to defendant.

Defendant's Motion to Compel Arbitration and to Stay the Action, or in the Alternative, Motion to Dismiss Plaintiff's Second Amended Complaint (doc. no. 15) and Plaintiff's Motion for Oral Argument on Defendant's Motion to Compel Arbitration (doc. no. 19) are **HELD in ABEYANCE** pending a determination of whether the court can exercise diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

DATED this 7th day of November, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

24-0683p006.docx