# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLYN ADELE PADRON, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CIV-24-683-F |
| ENDURANCE DEALER SERVICES LLC, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

On November 7, 2024, the court entered an order directing defendant Endurance Dealer Services, LLC to file, within 21 days from the date of the order, "an amended disclosure statement which supplies the name and citizenship of every individual or entity whose citizenship is attributed to defendant." Doc. no. 23, ECF pp. 3-4.

On November 27, 2024, defendant filed a Motion for Extension of Time to Comply with LLC Disclosure Obligations. *See*, doc. no. 25. Defendant represented that it was unable to locate and identify additional information relative to the citizenship of the following entities:

    a.  Michigan Growth Capital Partners SBIC LP;

    b.  Strategic Partners VI Investments, LP (Series A);

    c.  Adams Street 2014 US Fund LP;

    d.  Adams Street 2015 US Fund LP;

    e.  Adams Street Global Secondary Fund 5 LP;

    f.  Adams Street – SCERS Fund LLC;

  g. Michigan Growth Capital Partners II, LP;

  h. HCF Investment Funding LLC; and

  i. TFO Private Equity Co-Investment Fund SPC.

 Defendant also represented that it was not in possession of information regarding the citizenship of the trustees of Hislop Delaware Trust C/O James Hislop, a traditional trust.

 In addition, defendant advised that neither it nor its sole member EDS Holding Co., LLC (EDS), or EDS's sole member, Endurance Vehicle Services, LLC, control the mentioned entities, and they do not possess or control sufficient information to provide all the jurisdictional information required by the court's November 7, 2024 order.

 Defendant represented that it could continue its pursuit of information concerning the mentioned entities and would update the court at regular intervals concerning its progress. Alternatively, because it has not invoked the court's jurisdiction and does not bear the burden of proving the presence of diversity jurisdiction, defendant suggested that plaintiff should be directed to conduct the jurisdictional discovery necessary to demonstrate the presence of diversity jurisdiction.

 On November 27, 2024, the court entered an order (doc. no. 27) granting defendant's motion to the extent that the court stayed the November 29, 2024 deadline to file an amended disclosure statement which supplies the name and citizenship of every individual or entity whose citizenship is attributed to defendant. The court advised that as soon as practicable it would enter an order addressing the matter raised by defendant. This is that order.

 The court infers from the names of some of the mentioned entities that some of those entities may well have hundreds—or perhaps thousands—of members or partners, all of whom would have to discovered and disclosed (with citizenship

information) in order to establish diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a).  In turn, some of those members or partners may likewise have pass-through constituent members or partners whose citizenship information would have to be discovered and disclosed.

The court acknowledges that defendant cannot be expected to easily get access to the information from the mentioned entities relevant to the ascertainment of citizenship.  The net effect of this is that, under the circumstances now before the court, it is reasonable to expect that plaintiff, as the party invoking diversity jurisdiction, to shoulder the burden of establishing the facts relevant to ascertaining whether diversity jurisdiction does, or does not, exist in this case.  *See*, Middleton v. Stephenson, 749 F.3d 1197, 1200 (10th Cir. 2014) ("[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence.").  As a result, the court will not require defendant to continue its pursuit of information regarding the mentioned entities and file an amended disclosure statement which supplies the name and citizenship of every individual or entity whose citizenship is attributed to defendant.  Instead, the court will direct plaintiff, as the party asserting the existence of diversity jurisdiction, to undertake the jurisdictional discovery necessary to establish the presence (or absence) of diversity jurisdiction.  The court will also grant plaintiff leave to file a Third Amended Complaint containing the necessary jurisdictional information concerning plaintiff and defendant.

The exercise that plaintiff must undertake is clearly required to establish diversity jurisdiction in this court, but it is not required for this action to proceed in state court.  Bearing that in mind, the court notes that because defendant has not filed an answer or a motion for summary judgment, plaintiff does have the option of filing a notice of dismissal pursuant to Rule 41(a)(1)(A)(i), Fed. R. Civ. P., stating that she wishes to dismiss this action without prejudice to refiling in another court.  The

court's receipt of such a notice of dismissal would result in the automatic dismissal of this action to refiling in another court. Such action by plaintiff would also not preclude arbitration. *See*, doc. no. 15.

Accordingly, based on the foregoing, the court **DIRECTS** plaintiff, as the party asserting the existence of diversity jurisdiction, to undertake the jurisdictional discovery necessary to establish the presence (or absence) of diversity jurisdiction. Plaintiff is also **DIRECTED** to file, no later than March 3, 2025, a Third Amended Complaint containing the necessary jurisdictional information concerning plaintiff and defendant. That deadline may be extended for good cause.

Plaintiff's failure to file a Third Amended Complaint by March 3, 2025, as directed by the court, may result in an order that is just, including the dismissal of plaintiff's action without prejudice pursuant to Rule 41(b), Fed. R. Civ. P.

In light of the jurisdictional discovery to be conducted by plaintiff and the requirement of plaintiff's filing of a Third Amended Complaint, the court **STRIKES** Defendant's Motion to Compel Arbitration and to Stay the Action, or in the Alternative, Motion to Dismiss Plaintiff's Second Amended Complaint (doc. no. 15) and Plaintiff's Motion for Oral Argument on Defendant's Motion to Compel Arbitration (doc. no. 19) without prejudice to refiling, if appropriate.

DATED this 3rd day of December, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

24-0683p008.docx